UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KHALMIA JONES                                           CIVIL ACTION NO. 09-cv-2102

VERSUS                                                  JUDGE HICKS

TWIN CITIES DEVELOPMENT, LP                             MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

  Khalmia Jones ("Plaintiff") filed this pro se civil action in state court seeking compensatory damages for sexual harassment, payment of final and overtime wages, and reinstatement of employment. Defendant removed the case based on federal question jurisdiction arising from the assertion of the overtime claim that must rely on the Fair Labor Standards Act. The court set a scheduling conference for July 6, 2010.

  In the order setting the conference, a deadline of June 15, 2010 was set for the parties to meet in person or by telephone to develop a Case Management Report and discuss the issues listed in F.R.C.P. 26(f). In that same order, a deadline of June 29, 2010 was set for the parties to file the Rule 26(f) Case Management Report. Counsel for Defendant timely filed the report without participation by Plaintiff. Counsel stated in the report that several attempts were made to contact Plaintiff at the telephone number on file with the Clerk's Office. Counsel also stated in the report that he sent Plaintiff a letter asking her to contact him so that the parties could comply with the court's order. According to Counsel, Plaintiff did contact him by telephone on June 4, 2010 and inform him of her new telephone number.

The parties agreed during that conversation to conduct a Rule 26 meeting at 1:30 p.m. on June 7, 2010. Defense counsel attempted to contact Plaintiff by telephone at the appointed time, but was told by a man who answered the phone that Plaintiff was unavailable. Another attempt to contact Plaintiff by telephone was made the following day without success. Counsel for Defendant sent another letter to Plaintiff on June 8, 2010 informing her of the court's approaching deadline, but he received no response.

Plaintiff failed to appear on the date of the Scheduling Conference. The court issued an order (Doc. 11) that Plaintiff "show cause, in writing, no later than July 20, 2010, why her case should not be dismissed (or other sanctions imposed)" due to her failure to comply with the court's instructions and her failure to appear for the conference. The July 20, 2010 deadline has passed, and there has been no action of record by Plaintiff or any attorney acting on her behalf, nor has Plaintiff otherwise contacted the undersigned to explain why she failed to participate in the Rule 26(f) conference or appear at the court-ordered scheduling conference.

Plaintiff has blatantly failed to comply with all orders of this court since her case was removed to this jurisdiction. It is highly unlikely that a Plaintiff who is unwilling to participate in the scheduling of her own case for trial would be interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and Defendant.

Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of August, 2010.

```
                              _____
                              MARK L. HORNSBY
                              UNITED STATES MAGISTRATE JUDGE
```